**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Gregory A. Goodwine, Sr.,** | |
| Petitioner, | |
| - *against* - | 10cv6019 (VB) (LMS) |
| **Superintendent William Lee,** | **OPINION AND ORDER** |
| Respondent. | |

Lisa Margaret Smith, U.S.M.J.[1]:

Petitioner Gregory Goodwine, proceeding pro se, has filed the instant habeas corpus petition challenging the constitutionality of his state court conviction pursuant to 28 U.S.C. § 2254. Docket Entry #1, Petition. Now before the Court is petitioner's motion, dated December 23, 2013, to disqualify the Westchester County District Attorney's Office (hereinafter "the DA's Office") from representing respondent in this matter. Docket Entry #98, Motion to Disqualify. For the reasons stated below, the motion is denied.

**I.      Allegations of Wrongdoing**

By the instant motion, petitioner seeks an order "[d]isqualifying the Westchester County District Attorney's Office and its Assistant District Attorney's [sic] from representing respondent in the above-captioned matter, upon the grounds of misconduct, actual prejudice and a clear conflict of interest . . . " Docket Entry #99, Affirmation at 1. He asks the Court to appoint private counsel (as a "special prosecutor") to represent respondent going forward in this habeas corpus proceeding. See id. Petitioner also asks the Court to hold an evidentiary "hearing to examine the extent and effect of the misconduct, actual prejudice and the conflict of interest

---

[1]  This matter has been referred to me pursuant to 28 U.S.C. § 636 for habeas corpus purposes. Docket Entry #4, Order of Reference.

created by the Westchester County District Attorney's Office . . . " Id.

The DA's Office prosecuted petitioner in the underlying criminal proceeding.  Petitioner asserts that the Assistant District Attorney (hereinafter "the trial ADA") who handled the matter violated his ethical duties, as set forth in the New York State Rules of Professional Conduct (hereinafter "NYRPC").  According to petitioner, the trial ADA continues to engage in unethical behavior, interfering with petitioner's ability to litigate the instant habeas petition.  The NYRPC similarly govern the behavior of attorneys practicing in the courts of the United States District Court for the Southern District of New York.  Local Civil Rule 1.5(b)(5).[2]  Petitioner asks the Court to disqualify the entire DA's Office from representing respondent in this proceeding based upon the trial ADA's purported ongoing violations of the NYRPC.  Docket Entry #99, Affirmation at 1.

Petitioner details the alleged improper behavior of the trial ADA in the underlying criminal matter.  He explains that after bail was set following his initial arrest, the trial ADA took steps to ensure that he remained incarcerated during the pendency of the criminal case. Specifically, petitioner claims that the trial ADA "improperly pressured" petitioner's parole officer into issuing a parole warrant against petitioner, thereby preventing petitioner's pre-trial

---

[2]  Local Civ. R. 1.5(b)(5) provides that an attorney admitted to practice in the Southern District of New York may be disciplined, or other relief may be awarded, when

> [i]n connection with activities in this Court, any attorney is found to have engaged in conduct violative of the New York State Rules of Professional Conduct as adopted from time to time by the Appellate Divisions of the State of New York.  In interpreting the Code, in the absence of binding authority from the United States Supreme Court or the United States Court of Appeals for the Second Circuit, this Court, in the interests of comity and predictability, will give due regard to decisions of the New York Court of Appeals and other New York State courts, absent significant federal interests.

release on bail.  Id.  According to petitioner, the trial ADA secured the parole warrant by falsely informing the parole officer that the victim of the underlying crime had identified petitioner as the culprit, and that petitioner would likely harm the victim if he was released on bail.  See id.

Petitioner states that the trial ADA obtained an order compelling petitioner to participate in a post-arrest line-up identification procedure.  According to petitioner, the trial ADA obtained such order by falsely informing the state court, through an affidavit, that the victim had identified petitioner as her assailant during a prior photo-array identification procedure.  Id. at 2.

According to petitioner, the trial ADA also obtained an indictment against petitioner through fraud.  He first claims that the trial ADA knowingly presented falsified evidence to the grand jury.  Id.  Petitioner also alleges that the indictment against him, which he asserts was filed by the trial ADA, was actually a counterfeit that contained forged signatures of the grand jury foreperson and the Westchester County District Attorney.  See id. at 3.

Petitioner finally claims that the trial ADA has interfered with his ability to litigate the instant habeas petition.  Petitioner has apparently hired a private investigator, and he asserts that the trial ADA has prevented the investigator from interviewing the victim of the underlying crime.  Id.

**II.    Discussion**

Petitioner seeks to disqualify the DA's Office on two grounds.  He avers that the trial ADA will be an essential witness at a desired evidentiary hearing on his habeas petition, and that the trial ADA's testimony will be prejudicial to respondent, thus presenting a conflict of interest for the entirety of the DA's Office.  Petitioner therefore seeks to disqualify the DA's Office on the basis of the witness-advocate rule, codified in NYRPC 3.7.  Docket Entry #99, Affirmation at 6.  Petitioner also generally argues that the interests of the DA's Office are in conflict because,

3

besides representing respondent, it has a diverging interest in concealing the allegedly-improper behavior of the trial ADA.  He argues that the DA's Office has a "vested interest in covering-up [sic] and maintaining the wrongful and unconstitutionally obtained conviction of an innocent accused."  Id. at 7.

In opposition to the motion, respondent, in a brief drafted by an employee of the DA's Office, basically claims that petitioner's allegations of improprieties by the trial ADA are false, and that petitioner has not met the burden necessary to disqualify the DA's Office from representing respondent.  Docket Entry #106, Memo. of Law at 7.

**A.     Standard for Disqualification of Counsel**

Disqualification of a party's lawyer invades the sanctity of the attorney-client relationship because it limits the client's ability to freely select his or her own counsel; consequently, it is disfavored in the Second Circuit.  Evans v. Artek Sys. Corp., 715 F.2d 788, 791 (2d Cir. 1983). Because motions to disqualify counsel are "often interposed for tactical reasons," id. at 791 (internal quotation marks and citation omitted), they are subject to a "high standard of proof." Id.  (internal quotation marks and citation omitted); see NL Indus., Inc. v. PaineWebber Inc., No. 88cv8602 (MBM), 1990 WL 43929, at *1 (S.D.N.Y. April 9, 1990) (The "party seeking disqualification must bear a heavy burden of proof in order to prevail.  Mere speculation will not suffice.").  The disqualification of an attorney "is a matter committed to the sound discretion of the district court."  Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990).

**B.     Witness-Advocate Rule**

Rule 3.7 of the NYSRPC – former Disciplinary Rule 5-102 – governs situations in which an attorney may be called as a witness, and it is commonly referred to as the "witness-advocate rule."  Rule 3.7(a) sets forth the restrictions concerning when an attorney may act as an advocate

4

in a matter in which he or she is likely to be a witness.  Rule 3.7(b), which concerns when an attorney may act as an advocate in a matter in which another attorney in his or her organization will serve as a witness, provides that "[a] lawyer may not act as advocate before a tribunal in a matter if: (1) another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client . . . "

Rule 3.7(b) is deferential to the attorney-client relationship because a "tribunal is not likely to be misled when a lawyer acts as advocate before a tribunal in a matter in which another lawyer in the lawyer's firm testifies as a witness. " Comment 5 to NYRPC 3.7.  "Accordingly, disqualification by imputation should be ordered sparingly, and only when the concerns motivating the rule are at their most acute." Murray v. Metropolitan Life Ins. Co., 583 F.3d 173, 178 (2d Cir. 2009).  To prevent their use as litigation tactics, " 'motions to disqualify counsel . . . are subject to fairly strict scrutiny, particularly motions' under the witness-advocate rule." Id. (quoting Lamborn v. Dittmer, 873 F.2d 522, 531 (2d Cir. 1989)).  Specifically, the Second Circuit has held that "a law firm can be disqualified by imputation only if the movant proves by clear and convincing evidence that (A) the witness will provide testimony prejudicial to the client, and (B) the integrity of the judicial system will suffer as a result." Id. at 178-79.

To qualify as "prejudicial" within the meaning of the witness-advocate rule, "the projected testimony of a lawyer or firm member must be sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony." Lamborn, 873 F.2d at 531 (internal citations and quotation marks omitted).  A party moving to disqualify another party's counsel under NYRPC 3.7(b) "bears the burden of demonstrating specifically

how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice occurring is substantial."  Id. (internal quotation marks and citation omitted).

Courts within this District have further held that disqualification under Rule 3.7(b) is appropriate only when the attorney's testimony is necessary.  See Ross v. Blitzer, 09cv8666 (HB), 2009 WL 4907062, *2 (S.D.N.Y. Dec. 21, 2009) (citation omitted) (denying motion to disqualify firm because movant did not show that attorney's testimony was necessary); see also Finkel v. Frattarelli, 740 F.Supp.2d 368, 374 (E.D.N.Y. 2010).  "Testimony may be relevant and even highly useful but still not strictly necessary."  S & S Hotel Ventures Ltd. Partnership v. 777 S. H. Corp., 69 NY2d 437, 446 (1987) (Opn. by Kaye, J.).  "A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence." Id.

Here, petitioner has failed to meet his burden in several respects.  First, the relevance of the trial ADA's alleged unethical behavior is questionable because "not every violation [of the NYSRPC] is co-extensive with a defendant's due process rights."  Plato v. Poole, 06cv6559 (BMC), 2008 WL 22267, *3 (E.D.N.Y. Jan. 25, 2008).

Even assuming, purely for the purposes of this argument, that the allegations of wrongdoing by the trial ADA are relevant to petitioner's habeas petition, an examination of the parties' submissions suggests that an evidentiary hearing may not be necessary, thus obviating the concern that the trial ADA will be required to give testimony.  Rosefield v. Orentreich, 98cv2721 (TPG), 1998 WL 567750, *5-6 (S.D.N.Y. Sept. 4, 1998) (disqualification not warranted because it was not clear that the matter would go to trial or that the attorney would be required to testify); NL Industries, Inc. v. Painewebber Inc., 88cv8602 (MBM), 1990 WL 43929, *1 (S.D.N.Y. April 9, 1990) (motion to disqualify denied, in part because the need for counsel to

testify was merely speculative at the time of the motion).

In the event that an evidentiary hearing is necessary, petitioner has not established that the trial ADA would be a necessary witness because he has not shown that the trial ADA's purported unethical behavior cannot be established through evidence other than the trial ADA's own testimony.  For instance, petitioner has not explained why he cannot prove that the trial ADA "improperly pressured" petitioner's parole officer into issuing a parole warrant through the testimony of said parole officer.  In addition, it appears that petitioner could attempt to prove, through the testimony of the victim, that the trial ADA submitted to the state court a false affidavit in which the trial ADA stated that the victim had identified petitioner in a photo array.  Similarly, petitioner has not shown why he could not call the victim to testify that she had been pressured by the trial ADA into remaining silent on petitioner's purported innocence.  It seems that the victim's prior statements to petitioner's investigator could be established through the testimony of either the victim or the investigator.  It also appears that the alleged falsity of the signatures on the indictment could be established through the testimony of the grand jury foreperson and the former Westchester County District Attorney.  Petitioner fails to show why any of the aforementioned sources of evidence would be unavailable or inadequate substitutes for the testimony of the trial ADA at a hearing.  Therefore, petitioner has not claimed or proven that the trial ADA's testimony would be necessary at an evidentiary hearing, and, consequently, disqualification of the DA's Office is not warranted on such basis.  See Solow v. Conseco, Inc., 06cv5988 (BSJ) (THK), 2007 WL 1599151, *4 (S.D.N.Y. June 4, 2007) ("The rule requires that a lawyer's testimony be necessary, not simply that it be the best evidence, and to that end, courts deem a lawyer's testimony necessary only if there [are] no other witnesses to the circumstances at issue." (internal quotation marks omitted) (alteration in original)); Shabbir v. Pak. Int'l

7

Airlines, 443 F.Supp.2d 299, 308 (E.D.N.Y. 2005) ("[A] lawyer who could provide only

cumulative testimony may act as trial counsel." (citation omitted)); Kubin v. Miller, 801 F.Supp.

1101, 1113 (S.D.N.Y. 1992) ("[A]n attorney whose testimony would merely corroborate the

testimony of others may not be subject to disqualification."); Stratavest Ltd. v. Rogers, 903

F.Supp. 663, 668 (S.D.N.Y. 1995) ("Having failed to demonstrate that [the attorney] is a

necessary witness, there is no reason to consider the disqualification of [the law firm] at this time

. . .").

**C.     Conflict of Interest**

        Petitioner also argues that the DA's Office should be disqualified because it has a "vested

interest in covering-up [sic] and maintaining the wrongful and unconstitutionally obtained

conviction of an innocent accusad [sic]."  Docket Entry #99, Affirmation at 7.  Petitioner further

claims that the Assistant District Attorney litigating the instant habeas petition "has

acquiescenced [sic] to the prejudicial misconduct instituted by [the trial ADA] prior to and

during the grand jury and trial jury [sic] proceedings."  Id.

        Typically, a court will only disqualify an attorney on the basis of a conflict of interest

when it "undermines the court's confidence in the attorney's representation of his [or her ]client."

Solow, 2007 WL 1599151 at *3.  Here, petitioner's claims of a conflict of interest are nothing

more than conclusory allegations that the current attorney in the matter cannot adequately

represent respondent.  They are without any basis in the record, and they lack merit.  See Sea

Tow Int'l, Inc. v. Pontin, 06cv3461 (SJF) (ETB), 2007 WL 4180679, *6 (E.D.N.Y. Nov. 19,

2007) ("Such conclusory assertions amount to nothing more than sheer speculation as to the

existence of a conflict of interest.  If anything, such assertions merely bolster the argument that

this motion is being made solely to achieve a strategic advantage in this litigation. As such, they

fail to provide a basis for [counsel's] disqualification."); <u>Cadle Co. v. Damadeo</u>, 256 F.Supp.2d

155, 157 (E.D.N.Y.2003) (denying motion to disqualify where movant provided "only

conclusion allegations" as evidence of conflict of interest).

**III.    Conclusion**

      For the reasons above, petitioner has failed to establish that the DA's Office should be

disqualified from representing respondent in this matter.  Therefore, petitioner's motion to

disqualify is DENIED.  The Clerk of the Court is respectfully directed to terminate the

outstanding motions at docket entries 98 and 109.  Respondent is directed to file the opposition

to petitioner's motion to amend, as well as the proposed amended petition, within sixty (60) days

of the date of this Opinion and Order.


Dated: September __, 2013              **SO ORDERED,**
       White Plains, NY

                             *Lisa Margaret Smith*

                             **LISA MARGARET SMITH**
                             United States Magistrate Judge
                             Southern District of New York


A copy of the foregoing Opinion and Order has been sent to the following:

Gregory A. Goodwine, Sr.
05-A-4066
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582


John M. Collins
Westchester County District Attorney
111 Dr. Martin Luther King, Jr. Blvd.
White Plains, NY 10552