UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GREGORY GOODWINE,                                  :
                 Petitioner,            :            **OPINION AND ORDER**
                                      :
 v.                                              :            10 CV 6019 (VB)
                                      :
WILLIAM LEE, Superintendent,                       :
                 Respondent.             :
------------------------------------------------------------x

Briccetti, J.:

       Pending before the Court is Magistrate Judge Lisa Margaret Smith's Report and

Recommendation ("R&R"), dated February 10, 2016 (Doc. #159), on petitioner Gregory

Goodwine's pro se amended petition for a writ of habeas corpus (Doc. #111) under 28 U.S.C.

§ 2254.  Petitioner contends his convictions were unlawful on eighteen separate grounds.

       After a jury trial, petitioner was convicted in Westchester County Court of robbery in the

first degree, N.Y. Penal Law § 160.15(3), criminal possession of a weapon in the third degree, id.

§ 265.02(1), and two counts of grand larceny in the fourth degree, id. § 155.30(1), (5).  The court

found that petitioner was a "persistent violent felony offender" and sentenced him to concurrent

sentences of 25 years to life on the robbery count, 3½ to 7 years on the possession of a weapon

count, and 2 to 4 years on the grand larceny counts.  The Appellate Division, Second

Department, affirmed each of petitioner's convictions on December 11, 2007.  People v.

Goodwine, 46 A.D.3d 702 (2d Dep't 2007).

       Judge Smith recommended that the Court (i) deny the petition in its entirety, and (ii) issue

a certificate of appealability pursuant to 28 U.S.C. § 2253(c) limited to the question of whether

petitioner's appellate counsel provided ineffective assistance by not arguing that trial counsel

was ineffective for not objecting to the trial court's failure to instruct the jury on the "actual

possession" of a dangerous instrument element of robbery in the first degree.

This Court agrees the petition should be denied in its entirety, but finds that the standard for issuing a certificate of appealability has not been satisfied as to petitioner's ineffective assistance of appellate counsel argument, or as to any other issue. Accordingly, for the following reasons, the petition is DENIED, and the Court will not issue a certificate of appealability.

Familiarity with the factual and procedural background of this case is presumed; the Court recites only those facts necessary to resolve petitioner's objections.

## DISCUSSION

I.    Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail. See Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). Because petitioner is proceeding pro se, the Court "will 'read [his] supporting papers

liberally, and . . . interpret them to raise the strongest arguments that they suggest.'" Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), when a state court denies a federal claim on the merits, a habeas petitioner is entitled to relief on that claim only if he can show the state court either (i) made a decision contrary to, or unreasonably applied, clearly established federal law as determined by the Supreme Court, or (ii) unreasonably determined the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(1)-(2).  When a state court denies a federal claim on a procedural ground that is "firmly established and regularly followed" in that state, a federal court may not even review the claim unless the petitioner shows either cause and prejudice for the failure to comply with state procedural rules, or that he is actually innocent.  Clark v. Perez, 510 F.3d 382, 391-93 (2d Cir. 2008).

II.    Objections

Petitioner filed timely objections to each of Judge Smith's recommended dispositions of petitioner's eighteen grounds for relief.  (Doc. ##163, 164).  In addition, respondent objected to Judge Smith's recommendation that the Court issue a certificate of appealability as to petitioner's ineffective assistance of appellate counsel claim.  (Doc. #160).  The Court therefore addresses each part of Judge Smith's R&R in turn.

A.    Petitioner's Claim that the Trial Court Failed to Give an Expanded Identification Instruction

Judge Smith recommended denying as procedurally barred petitioner's claim that the trial court violated petitioner's right to due process by failing to give an expanded identification instruction.  For the reasons articulated in Part III.H of the R&R, this Court agrees that petitioner's claim is procedurally barred.

Petitioner now alleges ineffective assistance of trial counsel as cause.  However, for ineffective assistance of counsel to provide cause for a procedural default, counsel's deficient performance must rise to the level of a constitutional violation.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000).  Petitioner has not demonstrated such defective performance because "[t]he New York Court of Appeals has held that, although expanded identification instructions are preferable, especially when there is a close question of identity, the failure to give such an instruction does not constitute reversible error."  Aparicio v. Artuz, 269 F.3d 78, 99 (2d Cir. 2001) (citing People v. Whalen, 59 N.Y.2d 273, 278–79 (1983)).  Instead, "[a] trial judge who gives a 'general instruction on weighing witnesses' credibility and who states that identification must be proven beyond a reasonable doubt has made an accurate statement of the law.'" Aparicio v. Artuz, 269 F.3d at 99 (quoting People v. Whalen, 59 N.Y.2d at 279).  Failure to object to such instructions is thus not "objectively unreasonable" performance in violation of Strickland v. Washington.  See Aparicio v. Artuz, 269 F.3d at 100 (citation omitted).

The trial court instructed the jury to weigh the witnesses' credibility when evaluating their testimony.  (Tr. 1513).  Moreover, the court instructed that to reach a guilty verdict, the jury had to find the prosecution proved beyond a reasonable doubt that petitioner was the person who committed the crime.  (Tr. 1542).  These instructions were proper, and trial counsel's failure to object or request additional instructions on identification was not objectively unreasonable.  See Aparicio v. Artuz, 269 F.3d at 100.  Thus, petitioner has failed to show cause and prejudice to overcome the procedural bar.  Moreover, for the reasons stated in Part II.L, infra, petitioner has failed to demonstrate actual innocence.  The Court therefore will not review this claim on the merits.

B.     Petitioner's Right to Counsel Claim

Judge Smith concluded petitioner was not unconstitutionally deprived of the right to counsel of his choice.  In doing so, Judge Smith found the trial court's failure to provide petitioner with a continuance during trial to obtain replacement counsel was a constitutional exercise of the trial court's "broad discretion . . . on matters of continuances."  Morris v. Slappy, 461 U.S. 1, 11–12 (1983) (citing Ungar v. Sarafite, 376 U.S. 575, 589 (1964)).  Moreover, Judge Smith noted that petitioner's right to counsel of choice was not violated because petitioner made the informed and voluntary decision to remove Mr. Balis, petitioner's original retained counsel, and retain Mr. Lewis, the attorney who had second-seated Mr. Balis until that point.  This Court has reviewed the record de novo, and agrees petitioner was not deprived of the right to counsel of choice for the reasons articulated in Part III.A of the R&R.

Petitioner objects that the trial court deprived petitioner of the right to retain counsel of choice because (i) the trial court "forced" Mr. Lewis to represent petitioner, against both petitioner's and Mr. Lewis's wishes; (ii) petitioner was not aware of his qualified right to retain counsel of his choosing; (iii) the trial court did not grant a continuance to give petitioner adequate time to obtain replacement counsel; and (iv) Mr. Balis did not refund petitioner's money, as the trial court allegedly ordered.

The first three of these objections are meritless for the reasons described in Part III.A of the R&R.  The fourth objection was not discussed in the R&R because petitioner never presented it for Judge Smith's consideration.  It is thus an improper basis on which to object.  See Nelson v. Smith, 618 F. Supp. 1186, 1191 n.5 (S.D.N.Y. 1985).  In any event, this argument is meritless because the trial court ordered Mr. Balis to transfer the fees directly to Mr. Lewis instead of

refunding them to petitioner in light of petitioner's informed and voluntary choice to retain Mr. Lewis.

      C.    <u>Petitioner's Ineffective Assistance of Counsel Claims</u>

         1.    <u>Petitioner's Claim That John Lewis Provided Ineffective Assistance of Counsel and That Petitioner Was Deprived of His Right to Testify at Trial</u>

In rejecting petitioner's claim that Mr. Lewis was ineffective as trial counsel, Judge Smith considered eight grounds on which petitioner asserted Mr. Lewis could be found ineffective: (i) Mr. Lewis was unfamiliar with petitioner's case; (ii) Mr. Lewis conceded during summation that the fact that petitioner was hiding under a van near the crime scene after the crime occurred "looked pretty bad" for petitioner, and Mr. Lewis was unfamiliar with the law regarding consciousness of guilt; (iii) Mr. Lewis failed to deliver rebuttal testimony promised by Mr. Balis during the defense opening; (iv) Mr. Lewis failed to object to the trial court's finding a <u>Wade</u> hearing moot; (v) Mr. Lewis misled petitioner by informing him the defense would call several witnesses; (vi) Mr. Lewis misleadingly told petitioner that petitioner would testify; (vii) Mr. Lewis failed to explore other witnesses; and (viii) Mr. Lewis failed to present a coherent defense at trial.  Within this section, petitioner also argued he was denied his constitutional right to testify.  Judge Smith rejected the first four of these claims on the merits, and rejected the last four, as well as petitioner's claim that he was deprived of his constitutional right to testify, as procedurally barred.  After a <u>de novo</u> review of the record, this Court agrees with these conclusions for the reasons articulated in Part III.C(i) of the R&R.

Petitioner raises four objections to Judge Smith's merit-based findings: (i) Mr. Lewis was ineffective for failing to have the indictment dismissed prior to trial for lack of probable cause; (ii) Mr. Lewis was ineffective for failing to elicit testimony on cross-examination supporting

petitioner's defense that he was not the person who committed the crime and none of the witnesses could identify him as such; (iii) Mr. Lewis was ineffective for failing to specify a ground on which to dismiss the indictment at the close of the prosecution's case; and (iv) Mr. Lewis was ineffective for failing to request a jury instruction regarding witness resemblance testimony and the lack of any identification evidence.  Petitioner also asserts ineffective assistance of appellate counsel as cause for his procedural default on the latter four claims.

To succeed on an ineffective assistance of trial counsel claim, petitioner must demonstrate that trial counsel's performance "fell below an objective standard of reasonableness," and there was a "reasonable probability" that, but for trial counsel's errors, the outcome at trial would have been different.  Strickland v. Washington, 466 U.S. 668, 687–88, 694 (1984).

With respect to the first objection, petitioner was not prejudiced by trial counsel's failure to renew petitioner's motion for a Dunaway hearing or his failure to move to have the indictment dismissed for lack of probable cause.  "[A] Dunaway hearing is used to determine whether a statement or other intangible evidence obtained from a person arrested without probable cause should be suppressed at a subsequent trial."  Cabrera v. Lee, 2013 WL 5988950, at *7 n.10 (S.D.N.Y. Nov. 8, 2013) (citation omitted).[1]  This motion had no reasonable probability of success because even in the absence of a direct identification, the circumstantial evidence against petitioner was undoubtedly sufficient to establish probable cause.  Thus, trial counsel was not ineffective on these grounds.  See McGraw v. Lee, 2011 WL 2988567, at *5 (S.D.N.Y. July 22, 2011) (noting the failure to make a Dunaway motion does not constitute ineffective assistance of counsel when probable cause existed).

---

[1]     Petitioner will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

Petitioner's second objection lacks merit because trial counsel elicited testimony that is nearly identical to the testimony petitioner claims trial counsel failed to elicit.  On cross-examination, the complainant testified that her assailant was wearing a mask (Tr. 963), that she had no personal knowledge that petitioner was the assailant (Tr. 964), and that when petitioner was removed from underneath the van, petitioner was not wearing clothing matching the clothing worn by the assailant (Tr. 965–66).  Mr. Lewis elicited similar testimony from witness Shirley Benjamin.  (Tr. 915–17).  Trial counsel therefore successfully elicited testimony establishing that neither the complainant nor the witness could identify petitioner as the assailant.

With respect to the third objection regarding trial counsel's lack of specificity in a motion to dismiss, petitioner has not alleged a basis on which Mr. Lewis could have objected that would have created a "reasonable probability" that the trial court would have granted the motion to dismiss.  Therefore, petitioner has not demonstrated prejudice, and his objection is without merit.

Finally, for the reasons discussed in Part II.A, supra, trial counsel's failure to request additional jury instructions on the identification of petitioner is not grounds for an ineffective assistance of counsel claim.  Thus, petitioner's fourth objection lacks merit.

With respect to the fifth through eighth grounds on which petitioner asserts ineffective assistance of trial counsel, as well as his claimed deprivation of his right to testify, petitioner asserts ineffective assistance of appellate counsel as cause for his procedural default.[2]  Although ineffective assistance of appellate counsel can establish cause for a procedural bar if appellate counsel's ineffectiveness rises to the level of a constitutional violation, that ineffectiveness claim must itself be independently exhausted in state court.  Edwards v. Carpenter, 529 U.S. at 451–53.

---

[2]      Petitioner also asserts the ineffective assistance of trial counsel as cause for the procedural default of these claims.  However, ineffective assistance of trial counsel cannot serve as cause for procedural default on an ineffective assistance of trial counsel claim, because such claims by their very nature are not required to be preserved on the record at trial.

As Judge Smith noted, petitioner failed to exhaust his ineffective assistance of appellate counsel claims on these bases in state court, and thus petitioner cannot assert cause on these grounds. Finally, for the reasons stated in Part III.L, infra, petitioner cannot establish actual innocence to overcome this procedural bar.  Thus, the Court may not review petitioner's ineffective assistance of trial counsel claim on these grounds.  See Clark v. Perez, 510 F.3d at 391-93 (noting that a court may not review a procedurally barred claim unless petitioner can demonstrate cause and prejudice or that he is actually innocent).

> 2.   Petitioner's Claim That His Attorney at the Grand Jury Stage Was Ineffective

Petitioner asserted three bases for claiming petitioner's counsel at the grand jury stage was ineffective: (i) petitioner's counsel allegedly never informed petitioner of his right to appear and testify before the grand jury; (ii) petitioner was allegedly deprived of the actual assistance of counsel at the pre-grand jury stage; and (iii) petitioner's assigned counsel failed to inform petitioner of a plea offer allegedly made by the prosecution.

Judge Smith denied petitioner's first two arguments as procedurally barred on independent and adequate state law grounds because the state court refused to review these claims after finding that petitioner could have raised them in a prior N.Y. C.P.L. § 440.10 motion but failed to do so.  Moreover, Judge Smith found that petitioner did not overcome this procedural bar by demonstrating cause and prejudice or actual innocence.  Petitioner did not object to the finding that these claims are procedurally barred.  Nevertheless, the Court has conducted a de novo review of the record, and agrees with Judge Smith for the reasons stated in Part III.C(ii) of the R&R.

With respect to petitioner's third argument, Judge Smith found no violation of Missouri v. Frye, 132 S.Ct. 1399, 1408 (2012), which held that a defense attorney must generally

communicate to his or her client a formal plea offer by the prosecution.  Judge Smith noted that

the Appellate Division denied this claim based on the factual determination that no plea offer had

been made, and petitioner was therefore required to rebut this finding by clear and convincing

evidence under 28 U.S.C. § 2254(e)(1).  Judge Smith concluded petitioner failed to do so, and

rejected the claim.

Petitioner objects that Judge Smith's finding is contrary to Young v. Zon, 827

F. Supp. 2d 144 (W.D.N.Y. 2011), which petitioner claims required respondent to produce

affidavits from individuals with personal knowledge of off-the-record plea discussions to prove

that no offer of a plea was extended.  This argument lacks merit.  In Young v. Zon, the court

considered the substantial evidence offered by petitioner, and found petitioner had sufficiently

substantiated his claim to rebut, by clear and convincing evidence, the state court finding that no

plea offer had been made.  Id. at 156–58.  Although the court noted that respondent failed to

provide affidavits from trial prosecutors with personal knowledge of off-the-record plea

negotiations, this was just one of many facts the court considered in determining whether

petitioner satisfied his burden.  Id. at 156–58.  Petitioner's indicating that respondent failed to

produce affidavits was neither necessary nor sufficient to satisfy petitioner's burden.  See id.

Conversely, here, petitioner substantiates his claim with nothing more than the People's

argument in response to petitioner's third N.Y. C.P.L. § 440.10 motion, in which the People

opined that petitioner's grand jury counsel waived petitioner's N.Y. C.P.L. § 180.80 rights "no

doubt because counsel and the People were attempting to work out a disposition of the matter."

(Doc. #141, Ex. 31).  The state court noted this was "[a]rgument[,] and the plain language used

does not indicate that any plea offer was made."  (Doc. #141, Ex. 38).  In lieu of some other

evidence showing that a plea offer was made, petitioner has failed to rebut by clear and

convincing evidence the state court's factual determination to the contrary.  See 28 U.S.C.

§ 2254(e)(1).  The Court therefore rejects this argument as meritless.

> D.     Petitioner's Right to Present a Defense Claims

At trial, petitioner sought to have an expert testify that petitioner was diagnosed with

post-traumatic stress disorder ("PTSD").  Judge Smith denied petitioner's claim that this

evidence was unconstitutionally excluded because the trial court was empowered to so exclude

the evidence to avoid jury confusion.  See Crane v. Kentucky, 476 U.S. 683, 689–90 (1986)

(noting trial courts maintain "wide latitude" to exclude evidence that might cause the jury to

confuse the issues).  Moreover, Judge Smith concluded that even if the expert testimony was

admitted, it would not have created a reasonable doubt that did not otherwise exist, thereby

making habeas relief unwarranted.  See Jones v. Stinson, 229 F.3d 112, 120 (2d Cir. 2000)

(citation omitted) (noting that trial errors are subject to harmless error review on habeas corpus

petition).  After a de novo review of the record, the Court agrees with each of Judge Smith's

conclusions for the reasons articulated in Part III.B of the R&R and, except as discussed below,

finds petitioner's objections were adequately addressed therein.

Petitioner objects that his expert's testimony posed no risk of jury confusion, and in any

event, that risk would have been mitigated because the prosecution planned to present its own

witness.  Petitioner asserts these experts would have established that petitioner suffered from

PTSD and hid underneath a van near the crime scene because of that illness.  However, the trial

court concluded that only petitioner, and not petitioner's expert, could connect petitioner's PTSD

to the act of hiding underneath a van.  This Court finds the exclusion was reasonable because the

expert's "under the van" testimony would have been asserted by the expert for the truth of the

matter, and was not part of the expert's basis for concluding that petitioner suffered from PTSD.

Cf. People v. Wright, 266 A.D.2d 246 (2d Dep't 1999) ("hearsay testimony given by [an] expert . . . for the limited purpose of informing the jury of the basis of the expert's opinion and not for the truth of the matters related is admissible") (internal quotation marks omitted).  Thus, the expert's testimony could have established only that petitioner suffered from PTSD.  Without petitioner's testimony linking the purported PTSD diagnosis to petitioner's actions at the crime scene, the trial court reasonably concluded the jury would have been confused and left to speculate as to the effect of petitioner's PTSD.

   E. Petitioner's Claim That the Trial Court Failed to Conduct a Gomberg Inquiry

  Under People v. Gomberg, "when two or more defendants are represented by the same attorney, the trial court [is required to] ascertain, on the record, whether each defendant has an awareness of the potential risks involved in that course and has knowingly chosen it."  38 N.Y.2d 307, 313–14 (1975).  Petitioner argued that a Gomberg hearing was warranted because a conflict of interest existed due to Mr. Lewis's prior representation of Mr. Balis in two unrelated matters.

  Judge Smith noted that to the extent this state law claim was cognizable on habeas review as a violation of petitioner's Sixth Amendment right to conflict-free counsel, the Appellate Division's denial of this claim comported with a reasonable application of clearly established federal law because petitioner failed to show "a conflict of interest actually affected the adequacy of [counsel's] representation."  Mickens v. Taylor, 535 U.S. 162, 171–72 (2002) (internal quotation marks and citation omitted).  After a de novo review of the record, this Court agrees for the reasons stated in Part III.E of the R&R, and finds petitioner's objections meritless.

F.   <u>Petitioner's Claim That the Indictment Was Not Signed/The State Court Erred in Denying Petitioner's State Habeas Petition</u>

Judge Smith recommended concluding that petitioner was not entitled to habeas relief on the ground that the grand jury foreperson and District Attorney did not sign the indictment. Petitioner objects on several grounds.  After reviewing petitioner's objections and the record <u>de novo</u>, this Court rejects petitioner's claim and objections for the reasons already stated in Part III.I of the R&R.

G.   <u>Petitioner's Ineffective Assistance of Appellate Counsel Claim</u>

Petitioner claimed his appellate counsel was ineffective for failing to raise the following eight arguments on either direct appeal or petitioner's first N.Y. C.P.L. § 440.10 motion: (i) trial counsel was ineffective for failing to have the indictment dismissed for lack of signatures by the grand jury foreperson and district attorney; (ii) an "inherent possibility" existed that an improper quorum of grand jurors voted in favor of the indictment; (iii) the first and third counts of the indictment were insufficient because they did not describe the "alleged dangerous instrument"; (iv) the trial court erroneously charged the jury on intent, circumstantial evidence, and proof beyond a reasonable doubt; (v) the trial court erroneously referenced "the eyewitness" in the jury charge when in fact there were no eyewitnesses; (vi) no direct proof established petitioner's guilt and the trial court omitted the word "direct" from its jury instructions on circumstantial evidence; (vii) the trial court failed to instruct the jury that to convict petitioner of robbery in the first degree, the jury had to find that the prosecution proved beyond a reasonable doubt that petitioner "actually possessed" a dangerous instrument; and (viii) trial counsel was ineffective for failing to object to the deficiencies in the jury instructions noted in (iv) through (vii).

Regarding claims (i) through (vi) and appellate counsel's failure to raise a claim of ineffective assistance of trial counsel with respect to claims (iv) through (vi), this Court has

13

reviewed the record de novo and has independently reached the same conclusions as Judge

Smith, as set forth in Part III.J of the R&R.  Petitioner's objections to these findings are

meritless.

Judge Smith also recommended denying petitioner's claims that appellate counsel was

ineffective for failing to argue that the trial court erroneously omitted from its jury charge an

instruction on the "actual possession" of a dangerous instrument element of robbery in the first

degree (claim (vii)), and that appellate counsel was ineffective for failing to argue that trial

counsel was ineffective for failing to object to the jury instructions on the same basis (claim

(viii)).  However, Judge Smith issued a certificate of appealability as to claim (viii) on the

grounds that "reasonable jurists could debate whether . . . the petition should have been resolved

in a different manner or that the issues presented were adequate to deserve encouragement to

proceed further."  (Doc. #159-5, at 77) (quoting Danielson v. Lee, 2015 WL 4879140, at *4

(S.D.N.Y. Aug. 13, 2015) (internal quotation marks and citation omitted)).  Petitioner objects to

Judge Smith's denial of this claim, and respondent objects to the issuance of a certificate of

appealability.

Judge Smith recommended that claim (vii) be denied because appellate counsel was

procedurally barred from raising it due to New York's contemporaneous objection rule.  N.Y.

C.P.L. § 470.05(2).  Petitioner objects that the Appellate Division could have exercised its

discretion to hear this claim under N.Y. C.P.L. § 470.15(6)(a).  Intermediate appellate courts in

New York exercise this discretionary function "only to correct errors that are so egregious that

[they] deprive[d] [petitioner] of a fair trial."  Chrysler v. Guiney, 806 F.3d 104, 120 (2d Cir.

2015) (internal quotation marks and citation omitted).

The trial court's failure to instruct the jury on the "actual possession" of a dangerous instrument element of robbery in the first degree did not deprive petitioner of a fair trial.  As Judge Smith noted in Part III.J of the R&R, substantial evidence was adduced at trial establishing that petitioner in fact possessed a dangerous instrument during the course of the robbery.  Moreover, as will be discussed in greater detail below, the petit jury's guilty verdict regarding the criminal possession of a weapon in the third degree charge indicates the jury found that petitioner "actually possessed" a dangerous instrument during the course of the robbery.  Thus, this Court finds no reasonable probability that petitioner's appeal would have been successful had petitioner raised this claim because the Appellate Division likely would not have exercised its discretion to hear it.

Moreover, this Court agrees with Judge Smith that claim (viii) should be rejected.  For claim (viii) to warrant habeas relief, petitioner would have to show that both trial and appellate counsels' performances "fell below an objective standard of reasonableness," and there was a "reasonable probability" that, but for both counsels' errors, the outcome at trial and on appeal would have been different.  Strickland v. Washington, 466 U.S. at 688, 694.

As Judge Smith noted, to determine that appellate counsel was ineffective in this regard, the Court would have to find (i) the trial court was required in 2005 to instruct the jury on the "actual possession" of a dangerous instrument element of robbery in the first degree (i.e., the Ford requirement);[3] (ii) at the time of petitioner's trial and the filing of petitioner's direct appeal,

---

[3]     People v. Ford held that in a prosecution for robbery in the first degree under N.Y. Penal Law § 160.15(3), the trial court is required to instruct the jury that the "actual possession" of a dangerous instrument by the defendant is an element of the crime that the jury must find proved beyond a reasonable doubt before convicting the defendant.  11 N.Y.3d 875, 878 (2008).  Judge Smith discussed at length in Part III.J of the R&R whether this requirement was applicable to petitioner's trial, which occurred three years before the Court of Appeals rendered its decision in that case.

a reasonable attorney would have been aware of the Ford requirement; (iii) petitioner's trial counsel had no strategic basis for declining to challenge the court's omission; and (iv) there was a reasonable probability that, if appellate counsel had challenged trial counsel's failure to object to the court's instruction, the result of petitioner's appeal would have been different.

Petitioner objects to Judge Smith's analysis of these four questions as "alternative to the fact" of a constitutional violation, which he argues occurred regardless how these questions are resolved. Petitioner is wrong. These questions are simply an application of the Strickland v. Washington requirements to the facts of this case. See 466 U.S. at 688, 694. Whether there was a constitutional violation depends on the answers to these questions.

This Court has conducted a de novo review of the record, and agrees with Judge Smith that (i) the trial court was bound in 2005 to instruct the jury on the "actual possession" of a dangerous instrument element of robbery in the first degree; (ii) a reasonable attorney would not have been aware of this requirement in 2005; and (iii) petitioner's trial counsel may have had a strategic justification for not objecting to the trial court's omission.

Petitioner's objections to these first three findings are adequately addressed in Judge Smith's R&R and are meritless.

Regarding the fourth question, Judge Smith correctly found petitioner had not shown prejudice arising from trial counsel's failure to object to the trial court's omission of a jury instruction on the "actual possession" element of robbery in the first degree. As such, petitioner's direct appeal would have been denied even if appellate counsel had raised this argument. To demonstrate prejudice resulting from trial counsel's failure to object, petitioner had to demonstrate a reasonable probability that the petit jury would have acquitted petitioner if the trial court instructed the petit jury on the "actual possession" of a dangerous instrument

16

element of robbery in the first degree.  Judge Smith found the evidence in this case strongly

supported the conclusion that the assailant "actually possessed" a dangerous instrument.

Accordingly, Judge Smith concluded there was "no reasonable probability that the jury would

have acquitted Petitioner of Robbery in the First Degree" had they been instructed on this

element, making trial counsel not ineffective. (Doc. #159-5, at 65).  By logical extension, no

prejudice resulted from appellate counsel's failure to raise this claim.

Judge Smith also distinguished Lynch v. Dolce, 789 F.3d 303, 318–19 (2d Cir. 2015),

which granted habeas relief after finding appellate counsel ineffective for failing to argue on

direct appeal that the trial court erroneously omitted an instruction on the "actual possession" of

a dangerous instrument element of robbery in the first degree.  Judge Smith noted that in Lynch

v. Dolce, the evidence that the petitioner "actually possessed" a dangerous instrument was not

nearly as strong as the evidence of the same element in this case.  (Doc. #159-5, at 64).  Thus,

the likelihood of prejudice in Lynch v. Dolce was much stronger than in this case, warranting a

finding that appellate counsel was ineffective in that case but effective here.

After reviewing the record de novo, this Court finds the likelihood of prejudice in this

case was even weaker than Judge Smith concluded.  In Lynch v. Dolce, the petitioner was not

charged with criminal possession of a weapon.  789 F.3d at 307–08.  By contrast, here, petitioner

was convicted of the criminal possession of a weapon in the third degree.  The petit jury was

instructed that they could convict petitioner of this offense only if they found beyond a

reasonable doubt that "[o]n November 9, 2004, in the County of Westchester, City of Yonkers,

[petitioner] possessed a dangerous instrument . . . knowingly . . . with intent to use it unlawfully

against another."  (Tr. 1531–32).  Petitioner does not argue the jury was improperly instructed on

the elements of this offense.  Moreover, petitioner does not indicate how the jury could have

convicted him of this charge without finding that he "actually possessed" a dangerous instrument in the course of the robbery.  Indeed, based on the jury charge and the evidence adduced at trial, the basis for this conviction appears to be that petitioner "actually possessed" a dangerous instrument in the course of the robbery.

Trial counsel's failure to object to the trial court's improper jury instruction, therefore, was not prejudicial.  This Court need not speculate about what the jury would have done with proper instructions on the element of "actual possession," because the jury found the prosecution proved beyond a reasonable doubt the facts needed to satisfy that element when it convicted petitioner of criminal possession of a weapon in the third degree.  In other words, there is no reasonable probability that the jury, acting rationally, could have convicted petitioner of criminal possession of a weapon in the third degree based on his possession of a dangerous instrument in the course of a robbery, while at the same time finding that petitioner did not "actually possess" a dangerous instrument during that same robbery, even if the jury was not instructed on the latter requirement.  Had appellate counsel raised a claim of ineffective assistance of trial counsel on direct appeal, it would have failed under Strickland v. Washington's second prong.  See 466 U.S. at 694.  Accordingly, petitioner cannot demonstrate any probability that but for appellate counsel's failure to raise this argument on direct appeal, the outcome would have been different.

Nevertheless, Judge Smith recommended that a certificate of appealability be issued as to the question of "whether Petitioner was deprived of the effective assistance of appellate counsel for counsel's failure to argue on direct appeal that trial counsel was ineffective for failing to object to the trial court's omission of a jury instruction on actual possession of a dangerous instrument from its instruction on the elements of Robbery in the First Degree."  (Doc. #159-5, at 77).  In doing so, Judge Smith found that with respect to this question "reasonable jurists could

18

debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  (Doc. #159-5, at 77) (quoting Danielson v. Lee, 2015 WL 4879140, at *4 (internal quotation marks and citation omitted)).  Respondent objects that reasonable jurists could not debate whether this petition should have been resolved in a different manner because "actual possession was amply proven." (Doc. #160, at 3).  This Court agrees with respondent, and finds that a certificate of appealability should not issue.

Petitioner must succeed on both prongs of Strickland v. Washington to succeed on a claim of ineffective assistance of counsel.  See Strickland v. Washington, 466 U.S. at 697.  Judge Smith correctly noted that reasonable jurists could debate whether trial counsel's failure to object to the deficient jury charge, and appellate counsel's failure to assert ineffective assistance of trial counsel for that failure, constituted deficient performance.  See Lynch v. Dolce 789 F.3d at 316 ("Counsel's failure to raise the instructional issue, while pursuing other issues that were significantly weaker and had no strategic benefit, fell below prevailing professional norms for an appellate attorney.").  However, for the reasons stated above, the lack of prejudice in this case is indisputable.  Thus, any reasonable debate that could occur as to the outcome of petitioner's ineffective assistance of appellate counsel claim could occur as to the first prong only, and could not support a conclusion that the "the petition should have been resolved in a different manner." See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  Such a debate would be purely academic.

Therefore, the Court concludes petitioner has failed to demonstrate that habeas relief is warranted on the grounds that he received the ineffective assistance of appellate counsel, and further concludes that no certificate of appealability should issue with respect to any basis for this claim.

19

H.   Petitioner's Claim That the People Failed to Prove His Guilt Beyond a
     Reasonable Doubt

Judge Smith reviewed the evidence and found it legally sufficient to support a finding of
guilt beyond a reasonable doubt.[4]  This Court has reviewed the record de novo, and agrees that
the evidence, viewed in the light most favorable to the prosecution, was legally sufficient for a
rational trier of fact to find the essential elements of the charged crimes beyond a reasonable
doubt.  Parker v. Matthews, 132 S.Ct. 2148, 2152 (2012).

Petitioner's objections focus on evidence contrary to the verdict, purported errors in pre-
trial procedures, and allegedly false statements in reports not introduced as evidence at trial.
These objections lack merit for the reasons articulated by Judge Smith in Part III.G of the R&R.

Petitioner also objects that the evidence was not sufficient because the jury was not
properly instructed on all elements of robbery in the first degree, as discussed in Part II.G, supra.
This argument misconstrues the nature of a sufficiency of the evidence claim, which is intended
to determine only "whether the record evidence could reasonably support a finding of guilt
beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 318 (1979).  By contrast,
"[e]rrors in state jury charges are questions of state law and are therefore not reviewable on
federal habeas corpus absent a showing that the jury charge deprived the defendant of a federal
constitutional right."  McEachin v. Ross, 951 F. Supp. 478, 483 (S.D.N.Y. 1997) (citations
omitted).  Thus, this Court rejects petitioner's attempt to conflate two distinct analyses,
particularly when doing so would lead to a more critical evaluation of matters of state law than is
otherwise permitted.

---

[4]      To the extent petitioner's claim can be construed as a weight of the evidence claim, this
Court notes that such claims are matters of state law and are thus not cognizable on federal
habeas review.  See Garrett v. Perlman, 438 F. Supp. 2d 467, 470 (S.D.N.Y. 2006).

I.      Petitioner's Claim That There Were Improprieties at the Grand Jury
        Presentation

Judge Smith recommended rejecting petitioner's claims of improprieties at the grand jury

stage.  Judge Smith noted the Appellate Division found these claims to be unpreserved because

petitioner did not comply with New York's contemporaneous objection rule.  Accordingly,

petitioner's claim was procedurally barred on an independent and adequate state law ground.

Moreover, Judge Smith declined to rule on the basis that improprieties before a grand jury are

not cognizable on habeas review "where a properly instructed petit jury heard all relevant

evidence and convicted."  Lopez v. Riley, 865 F.2d 30, 31 (2d Cir. 1989).  Judge Smith refused

to decide the issue on this basis because a reasonable argument could be made that the petit jury

in this case was not properly instructed after the trial court omitted an instruction on the "actual

possession" of a dangerous instrument element of robbery in the first degree.  See Part II.G,

supra.

The state procedural bar may have been inadequate in this instance, and therefore an

invalid basis on which to reject this claim, in light of the Cotto factors.  See Cotto v. Herbert, 331

F.3d 217, 240 (2d Cir. 2003).  In Cotto, the Second Circuit noted noted that a habeas court

should consider three "guideposts" when determining whether a procedural bar on a state law

ground is inadequate:

> (1) whether the alleged procedural violation was actually relied on in the trial
> court, and whether perfect compliance with the state rule would have changed the
> trial court's decision; (2) whether state caselaw indicated that compliance with the
> rule was demanded in the specific circumstances presented; and (3) whether
> petitioner had substantially complied with the rule given the realities of trial, and,
> therefore, whether demanding perfect compliance with the rule would serve a
> legitimate governmental interest.

Id. (internal quotation marks omitted).  Petitioner points out that stricter compliance

might not have been possible, as grand jury proceedings are secret and petitioner raised

this argument in an omnibus motion following the grand jury proceeding.  Moreover, it is not clear what government interest would be served by demanding stricter compliance with this rule, or whether the trial court in fact relied on the contemporaneous objection rule to deny this claim.

Nevertheless, this Court refuses to decide whether the state procedural bar in this case was adequate, because purported improprieties before the grand jury were harmless in light of the petit jury's verdict.  See Lopez v. Riley, 865 F.2d at 31.  Although Judge Smith noted that Lopez v. Riley involved a properly instructed petit jury, it did so while applying the rule announced in United States v. Mechanik, 475 U.S. 66, 67 (1986), which held that a petit jury's verdict cures errors at the grand jury stage because a "petit jury's verdict of guilty beyond a reasonable doubt demonstrates a fortiori that there was probable cause to charge the defendants with the offenses for which they were convicted."  United States v. Mechanik did not explicitly require a properly instructed jury, and noted only that the trial should be free from reversible error.  Id. at 71.  In other words, absent reversible error, proper instruction is required only as evidence that the verdict was sufficient.

The trial court in this case did not instruct the petit jury on "actual possession" of a dangerous instrument element of robbery in the first degree.  However, for the reasons articulated in Part II.G, supra, the jury necessarily found this element beyond a reasonable doubt when it convicted petitioner of criminal possession of a weapon in the third degree.  Thus, the verdict itself clearly established that probable cause existed as to robbery in the first degree.  Moreover, this omission would not constitute reversible error under New York law because "in light of the totality of the evidence, there is no reasonable probability that the [instructional] error affected the jury's verdict."  Lynch v. Dolce, 789 F.3d 308, 315 (2d Cir. 2015) (quoting People

v. Douglas, 4 N.Y.3d 777, 779 (2005)).  Accordingly, any improprieties before the grand jury were harmless in light of the petit jury's verdict.

> J.      Petitioner's Claim That His Sentence Was Unconstitutionally Enhanced

Judge Smith recommended rejecting petitioner's claims that petitioner's sentence was unconstitutionally enhanced and that petitioner's 1994 conviction was unconstitutional.  This Court has conducted a de novo review of the record, and agrees with Judge Smith's recommendations for the reasons stated in Part III.K of the R&R.

Petitioner objects that the sentencing court engaged in unconstitutional judicial factfinding at sentencing because evidence of petitioner's character and uncharged offenses was discussed.  However, Judge Smith already noted that petitioner failed to rebut by clear and convincing evidence, as required by 28 U.S.C. § 2254(e)(1), the state court's factual determination that the sentencing court enhanced petitioner's sentence "solely based on [petitioner's] recidivism."  (Doc. #141, Ex. 12).  This Court agrees for the reasons articulated by Judge Smith in Part III.K of the R&R.

Petitioner also objects that Judge Smith did not consider that, in light of Alleyne v. United States, 133 S.Ct. 2151 (2013), and Descamps v. United States, 133 S.Ct. 2276 (2013), the sentencing court acted unconstitutionally when it enhanced petitioner's minimum and maximum statutory sentence after determining petitioner to be a "persistent violent felony offender" under N.Y. Penal Law § 70.02 based on petitioner's prior convictions.

This objection is meritless because it mischaracterizes the holdings of the cited cases.

Alleyne v. United States held that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury."  133 S.Ct. at 2155.  However, the Supreme Court explicitly noted the continued viability of this rule's "narrow exception"

announced in Almendarez-Torres v. United States, 523 U.S. 224 (1998), which held that a sentencing judge can enhance a statutory sentence range based on prior convictions without submitting that fact to the jury.  Alleyne v. United States, 133 S.Ct. at 2160 n.1.

Meanwhile, "Descamps . . . concerned sentencing enhancements for repeat offenders under the federal Armed Career Criminal Act, 18 U.S.C. § 924(e), and is thus irrelevant to petitioner's status as a 'persistent violent felony offender' under state law."  Rodriguez v. Lee, 2013 WL 6410766, at *2 (S.D.N.Y. Dec. 9, 2013).

Accordingly, neither Alleyne nor Descamps supports a finding that the sentencing court unconstitutionally enhanced petitioner's sentence under New York's "persistent violent felony offender" statute due to petitioner's prior convictions.

Petitioner also objects that his 1994 guilty plea was involuntary, and thus unconstitutional, because the court did not inform petitioner of N.Y. Penal Law § 70.25(2-a)'s requirement that the undischarged portion of petitioner's 1990 sentence would run consecutively to petitioner's 1994 sentence.  This objection lacks merit for the reasons articulated by Judge Smith in Part III.K of the R&R.

> K.    Petitioner's Claim That the Cumulative Effect of the Trial Errors Deprived Him of a Fair Trial

The R&R noted that "[h]abeas relief may be justified based on the cumulative effect of errors that, standing alone, would not warrant the granting of a new trial."  Joyner v. Miller, 2002 WL 1023141, at *13 (S.D.N.Y. Jan. 7, 2002) (citing United States v. Lumpkin, 192 F.3d 280, 290 (2d Cir. 1999)).  However, to obtain relief on this basis, petitioner must show that the alleged errors are "actually errors," and that the cumulative effect of those errors was "so prejudicial that they rendered petitioner's trial[] fundamentally unfair."  Joyner v. Miller, 2002 WL 1023141, at *13 (citations omitted).  Judge Smith reviewed the "errors" alleged by

24

petitioner, and noted that they were not in fact errors at all.  Moreover, Judge Smith concluded

that to the extent errors occurred, they did not deprive petitioner of a fundamentally fair trial

because of the strength of the evidence presented against petitioner.

This Court has reviewed the record de novo, and agrees that any errors at trial did not

deprive petitioner of a fundamentally fair trial.  Petitioner has alleged only a single actual trial

error: the trial court's failure to instruct the petit jury on the "actual possession" of a dangerous

instrument element of robbery in the first degree.  As noted in Part II.G, supra, this error was not

prejudicial, and thus did not render "petitioner's trial[] fundamentally unfair."  Joyner v. Miller,

2002 WL 1023141, at *13.

    L.  Petitioner's Actual Innocence Claim

Judge Smith rejected petitioner's claim of actual innocence after finding petitioner could

not establish "in light of [] new evidence, no juror, acting reasonably, would have voted to find

him guilty beyond a reasonable doubt."  Schlup v. Delo, 513 U.S. 298, 329 (1995).  After a de

novo review of the record, this Court agrees and finds petitioner's objections meritless for the

reasons articulated in Part III.L of the R&R.

Moreover, petitioner argues within his actual innocence claim that the police lacked

probable cause to arrest him.  Even assuming such evidence would be relevant at trial, probable

cause existed to arrest petitioner even in the absence of direct identification evidence, as noted by

Judge Smith in the R&R.  (Doc. #159-5, at 66–67 n.31).  Thus, petitioner has failed satisfy the

standard announced in Schlup v. Delo, 513 U.S. at 329, and none of his procedurally barred

claims will be reviewed.

M.    Petitioner's Request for a Hearing, Discovery, Appointment of Counsel, and to Disqualify the Westchester County District Attorney's Office from Representing Respondent

Petitioner also objects to Judge Smith's recommendations that this Court deny petitioner's request for discovery, a hearing, the appointment of counsel, and the disqualification of the Westchester County District Attorney's Office from representing respondent. This Court agrees that each of these motions should be denied, and adopts Judge Smith's recommendations as to the resolution of these issues, except as modified below.

The R&R denied petitioner's request for a hearing because "[f]ederal habeas review is 'limited to the record that was before the state court that adjudicated the claim on the merits.'" (Doc. #159-5, at 76) (quoting Ridgeway v. Zon, 424 Fed. Appx. 58 (2d Cir. 2011)). Insofar as this statement implies that evidentiary hearings are never appropriate on habeas corpus petitions arising from state convictions, such hearings may in fact be held in limited circumstances. Nevertheless, under 28 U.S.C. § 2254(e)(2)(B), this Court may not conduct an evidentiary hearing on a habeas corpus petition from a state conviction unless, inter alia, "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." This Court has reviewed the record de novo, and has found that none of petitioner's claims of constitutional violations could satisfy this standard. Therefore, 28 U.S.C. § 2254(e)(2) prohibits this Court from conducting a hearing.

The rest of petitioner's objections lack merit for the reasons articulated by Judge Smith in Part III.M of the R&R. Therefore, the Court denies petitioner's motions for discovery, an evidentiary hearing, appointment of counsel, and disqualification of the Westchester County District Attorney's Office.

     N.    <u>Petitioner's Claim of Judicial Misconduct</u>

Petitioner submitted a letter motion dated May 27, 2016, in which he alleges the trial judge committed judicial misconduct at his trial.  (Doc. #165).  Petitioner did not raise this claim in any prior proceeding.  It is therefore unexhausted.  Petitioner does not allege cause for and prejudice from his failure to exhaust this claim.  Moreover, petitioner has failed to demonstrate actual innocence.  <u>See</u> Part II.L, <u>supra</u>.  Therefore, this Court may not review this claim.  <u>See Clark v. Perez</u>, 510 F.3d at 391-93.

## CONCLUSION

Magistrate Judge Smith's thorough and well-reasoned R&R is adopted as modified for the reasons stated herein.  Accordingly, the petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Love v. McCray</u>, 413 F.3d 192, 195 (2d Cir. 2005).  The Court also certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith; therefore, <u>in forma pauperis</u> status is denied for the purpose of an appeal.  <u>See Coppedge v. United States</u>, 369 U.S. 438, 444–45 (1962).

Dated:  November 17, 2016
       White Plains, NY

                        SO ORDERED:

                        Vincent L. Briccetti
                        United States District Judge